Hon. R.H. Martin Secretary Board of Commissioners of Pilots
Some time ago on behalf of the Board of Commissioners of Pilots, you requested an opinion of the Attorney General concerning the authority of New York State and Rhode Island to regulate navigation on the waters of Long Island Sound and Block Island Sound. Your request was suspended because at the time a case was pending before the United States Supreme Court that would affect the outcome of the opinion. That case, UnitedStates v Maine (105 S Ct 992 [1985]), has been decided and you have renewed your request for our opinion.
Specifically, you ask (1) whether a pilot duly licensed by the State of New York may pilot vessels under register from Long Island Sound to sea, via Block Island Sound, through waters over which the State of Rhode Island claims jurisdiction for pilotage purposes; and (2) whether such a pilot may navigate vessels from the sea through Block Island Sound to Long Island Sound when in so doing he initially must proceed through waters over which the State of Rhode Island claims jurisdiction for pilotage purposes.
Federal law permits the states to regulate navigation on the navigable waters of the United States (46 U.S.C. § 211):
 "Until further provision is made by Congress, all pilots in the bays, inlets, rivers, harbors, and ports of the United States shall continue to be regulated in conformity with the existing laws of the States respectively wherein such pilots may be, or with such laws as the States may respectively enact for the purpose" (ibid.).
New York and Rhode Island have enacted legislation relating to the pilotage of vessels transitting the waters of Long Island Sound and Block Island Sound (New York Navigation Law, § 89-b; General Laws of Rhode Island, Vol 7A, Title 46, Water and Navigation, Ch 9). These regulations are premised on the proposition that these waters constitute bays under the jurisdiction of New York and Rhode Island, respectively ( 46 U.S.C. § 211). In United States v Maine, supra, the Supreme Court determined the coastlines of New York and Rhode Island, and in so doing determined the question whether the waters of Long Island Sound and Block Island Sound are bays and the point at which these bays terminate.
The Supreme Court found, under Article 7 of the Convention on the Territorial Sea and the Contiguous Zone (Convention) that the waters of Long Island Sound and the western part of Block Island Sound constitute a juridical bay (id., 105 S Ct, at 1001). The basis for this finding was the Court's construction of Article 7 of the Convention as applied to the geography and characteristics of Long Island (105 S Ct, at 998-1001).
The Supreme Court also decided where the bay ends or closes. Considering the relevant provisions of Article 7 of the Convention, the Court found that Block Island is too far removed from the headlands of the juridical bay formed by Long Island to be utilized in closing the bay (105 S Ct, at 1004). The Court held that the juridical bay formed by the waters of Long Island Sound and Block Island Sound is closed by the line connecting Montauk Point and Watch Hill Point (id., 105 S Ct, at 1005). It is clear that only those waters of Block Island Sound west of this closing line are included in the bay. The closing line leaves a very small area of the waters of Block Island Sound that are part of the juridical bay and also are within the territorial jurisdiction of the State of Rhode Island. Thus, there is no basis for Rhode Island to regulate pilotage under 46 U.S.C. § 211 east of the closing line.
Under 46 U.S.C. § 212:
 "The master of any vessel coming into or going out of any port situate upon waters which are the boundary between two States, may employ any pilot duly licensed or authorized by the laws of either of the States bounded on such waters, to pilot the vessel to or from such port." (See also, Navigation Law, § 89-b[2].)
Based upon this provision, we answer your two questions in the affirmative.
We conclude that a pilot duly licensed by the State of New York may pilot vessels under register from Long Island Sound to sea, via Block Island Sound, through waters over which the State of Rhode Island claims jurisdiction for pilotage purposes. Such a pilot may navigate vessels from the sea through Block Island Sound to Long Island Sound when in so doing he initially must proceed through waters over which the State of Rhode Island claims jurisdiction for pilotage purposes.